# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv321

| | | |
|---|---|---|
| DELTA WALSH, individually and on behalf of her minor children, R.M., R.W., W.W., and R.K., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **O R D E R** |
| DEWAIN M. MACKEY, *et. al.*, | ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the Court on the following matters:

1.  The Motion to Dismiss of Defendants Alexander Lyerly, Samuel Parker, Gerald Wilson and Kathy Ray (the 24th Judicial District Defendants) [Doc. 15];

2.  The Pre-Answer Motions to Dismiss of Defendants Madison County Board of Education, Dewain Mackey, in his official capacity for Madison County Schools, Kathy Mackey, in her official capacity for Madison County Schools, and Ronald Wilcox (the Madison County School Defendants) [Doc. 24]; and

3.  The Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of Defendants George Cole, Robert Davidson, James Harwood, John

Ledford, Lamona Ledford, Sam Lunsford, Dewain Mackey (in his capacity as Vice-Chairman of the Madison County Planning/Zoning Board), Madison County Animal Control, Madison County Planning Board and Madison County Sheriff's Department [Doc. 46].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge David C. Keesler was designated to consider these motions and to submit recommendations for their disposition.

On June 27, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 49] in which he recommended granting the Motions to Dismiss contained within Documents 15 and 24 and denying without prejudice the Motion to Dismiss contained within Document 46. The parties were advised that any Objections to the Magistrate Judge's conclusions and recommendations were to be filed in writing within fourteen days of service of the Recommendation and that failure to file Objections to the Memorandum and Recommendation would preclude the parties from raising any objection on appeal. [Id., at 25-26]. The Plaintiff timely filed Objections to the Memorandum and Recommendation. No other objections were filed.

In the Memorandum and Recommendation, the Magistrate Judge also

ruled on two non-dispositive motions, the Motion for Leave to File an Amended Complaint [Doc. 19] of Plaintiff Delta Walsh (Walsh) and the Motion for a More Definite Statement of Defendants Dewain Mackey, Kathy Mackey and Mackey Farm [Doc. 23]. The Magistrate Judge granted the Plaintiff's motion and thus rendered moot the Defendants' motion. [Doc. 49]. To the extent that Walsh's Objections may be deemed to apply to her motion to amend the complaint a second time, the Court will consider it as a request for reconsideration of the Magistrate Judge's ruling.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, de novo review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge;

it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).  Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review.  Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008).  "Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id.  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

Where a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, de novo review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation).

## PROCEDURAL HISTORY AND STANDARDS OF REVIEW

The Magistrate Judge has correctly recounted the procedural history of this case. He has also correctly noted that the Plaintiff has attempted to state claims pursuant to 42 U.S.C. §§1981, 1983, 1985 & 1986 as well as state law claims.

The Magistrate Judge has also correctly noted the prevailing standards of review applicable to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting a lack of subject matter jurisdiction, and 12(b)(6), asserting the failure to state a claim upon which relief may be granted. Indeed, the Magistrate Judge provided notice to Walsh of her burden in responding to these motions. [Doc. 18].

Walsh has not objected to these portions of the Magistrate Judge's Memorandum and Recommendation and, having conducted a careful review, they are adopted.

## DISCUSSION

The Court will sequentially address the Plaintiff's objections, which are largely redundant. The Court first notes that despite her *pro se* status, Walsh, as the plaintiff in this action, bears the burden of establishing subject matter jurisdiction as well as showing that she has stated claims upon which relief

may be granted.  Oguma v. Merit Systems Protection Board, 2012 WL 2877803 (Fed.Cir. 2012); Harris v. Charlotte-Mecklenburg Schools, 2012 WL 2568141 (W.D.N.C. 2012).  Although complaints "drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, ... this latitude does not permit a *pro se* plaintiff to subvert this Court's jurisdictional [and other] requirements."  Oguma, 2012 WL 2877803 (citing Henke v. United States, 60 F.3d 795, 799 (Fed.Cir. 1995)); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  District courts are not "required to conjure up and decide issues never fairly presented to them" and "cannot be expected to construct full blown claims" from the fragmented and conclusory filings of a *pro se* litigant.  Beaudett v. City of Hampton, 775 F.2d 1274, 1276, 1278 (4th Cir.), cert. denied 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).  "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claims.'"  Pharr v. DesignLine USA, LLC, 2012 WL 995341 **4 (W.D.N.C. 2012) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert. denied 540 U.S. 940, 124 S.Ct. 301, 157 L.Ed.2d 253 (2003)).

**The Memorandum and Recommendation was premature.**

Walsh claims that the Memorandum and Recommendation was

premature because at the time it was entered, she had pending a motion to dismiss and a Motion for Default Judgment. [Doc. 45; Doc. 48]. This Objection is without any merit since this Court denied the Motion for Default Judgment on July 2, 2012. [Doc. 51]. Furthermore, the document which Walsh claims is a motion to dismiss was actually a sur-reply which she titled "Reply Brief in Support of Motion in Opposition to Defendants' Motion to Dismiss." [Doc. 45]. In any event, the filing of a sur-reply without prior permission is not allowed in this Court. <u>Shareef v. Donahoe</u>, 2012 WL 934125 (W.D.N.C. 2012). To the extent that her document may be considered a "motion in opposition," there is no such procedural tool available pursuant to the Federal Rules of Civil Procedure. This objection is simply an extension of the Plaintiff's misunderstanding of the procedural rules of this Court. It, therefore, must be overruled.

**The Magistrate Judge erred in ruling that Walsh may not represent her minor children.**

On December 2, 2011, Walsh filed the initial Complaint in this action naming her minor children as plaintiffs and disclosing their identities. [Doc. 1]. By Order entered on December 20, 2011, the Court ordered the Complaint to be sealed in order to avoid the disclosure in the public record of the identities of the minor children. [Doc. 4]. The Clerk of Court was instructed to modify

the caption to refer to the minors only by their initials. [Id.].  Walsh claims that by so doing, this Court gave her permission to represent her children and the Magistrate Judge thus erred in finding that as a non-attorney, Walsh may not represent them.

The Order entered on December 2, 2011 merely protected the identities of the minors.  In no manner did Walsh receive permission to represent her children by virtue thereof.  "[N]on-attorney parents ... may not litigate the claims of their minor children in federal court."  Myers v. Loudoun County Public Schools, 418 F.3d 395 (4th Cir. 2005); Reale v. Wake County Human Services, ___ F. App'x. ___, 2012 WL 1564161 (4th Cir. 2012).  As a result, unless Walsh were to obtain counsel on their behalf, the Court must dismiss the minors from the action without prejudice.  Id.  Since the rulings contained herein dismiss the claims raised on behalf of the minors, this issue is moot. Walsh is, however, advised that she is not allowed to represent her children in this action and therefore she may not rename them as plaintiffs in any amended complaint without counsel appearing on their behalf.

**The Magistrate Judge erred by recommending dismissal of the individual capacity claims against the 24th Judicial District defendants.[1]**

Walsh alleged in the Amended Complaint that since 2000 she has been an adjoining neighbor of Dewain and Kathy Mackey who apparently own Mackey Farm. [Doc. 7 at 5]. Walsh acknowledges that she has filed numerous complaints against the Mackeys with the Madison County Sheriff's Department, the Madison County Planning and Zoning Board, and in state court concerning the Mackey's livestock. [Id.]. Walsh alleges that on April 14, 2012, Dewain Mackey "attempted to force the Walsh vehicle of which R.M. was operating off the road.[2]" [Id. at 9]. As a result, Walsh pressed charges against Dewain Mackey which is how the 24th Judicial Defendants became involved. [Id.].

The allegations of the Amended Complaint as to these Defendants concern only conduct which was taken in their official capacities. [Doc. 7 at 10-12, 20-22]. Defendant Kathy Ray (Ray) was alleged to be a paralegal working for the District Attorney for the 24th Prosecutorial District. [Id.]. In that capacity, she is alleged to have obtained a change of venue of the

---

[1]Walsh's Objections are rambling and often difficult to decipher. She does not, however, object to the recommendation that the claims be dismissed as to these defendants in their official capacities.

[2]R.M. is one of Walsh's children.

prosecution which Walsh brought against Dewain Mackey in order "to protect" him. [Id.].  Ray also allegedly failed to notify Walsh of the date of the judicial proceeding and failed to subpoena witnesses. [Id.].

Defendant Gerald Wilson (Wilson) is described as the Chief District Attorney for that prosecutorial district. [Id.].  His omissions are described as failing to properly supervise and discipline Ray.  [Id.].  In addition, Wilson determined not to prosecute Dewain Mackey for the charge made against him by Walsh. [Id.].  The charge was dismissed by Defendant Alexander Lyerly (Lyerly), described as Chief Judge of the 24th Judicial District.  [Id.].

Lyerly is alleged to hold personal animus against Walsh and to have used his authority to "cover up" for Dewain Mackey.  [Id.].  Walsh claims that Lyerly had a conflict of interest due to that animus and should have recused himself from the prosecution which she brought against Dewain Mackey. [Id.]. He nonetheless presided over the matter and in doing so, refused to grant her continuances and ultimately dismissed the charge against Dewain Mackey for reckless driving.  [Id.; Doc. 7-1 at 15].  In addition, Walsh claims it was inappropriate for Lyerly to later preside over a case involving charges brought against Walsh.  [Id.].

Defendant Sam Parker (Parker) is described as the state magistrate

who issued a warrant for Walsh's "arrest," apparently based on a complaint made by Dewain Mackey. [Id.]. The "arrest" appears to have been a ticket for allowing her dogs to run free during the night. [Doc. 7-1 at 11].

The Magistrate Judge noted that each of these state officials had been sued in their official capacities and all of the allegations of the Amended Complaint refer to conduct taken in such capacities. He thus found the action is barred by both Eleventh Amendment and sovereign immunity. Walsh does not take exception to that recommendation. Instead, she claims that these Defendants were also sued in their individual capacities and thus, those claims may survive.

Although the caption of the Amended Complaint refers to these Defendants as being sued in their individual as well as official capacities, the allegations contained therein *all* relate to conduct taken in official capacities. As such, the law affords each of these Defendants absolute immunity because their conduct was "intimately associated with the judicial phase of the criminal process." Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir.), cert. dismissed 548 U.S. 939, 127 S.Ct. 33, 165 L.Ed.2d 1012 (2006) (prosecutors enjoy absolute immunity as do the employees of their office); Forrester v. White, 484 U.S. 219, 227-28, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (state

court judges enjoy absolute immunity from liability for judicial acts); <u>Uresti v. Murray</u>, 2012 WL 80235 (W.D.N.C. 2012). Plaintiff has offered no explanation as to how the acts she has alleged give rise to any individual capacity claim. As such, these claims must be dismissed.

The Magistrate Judge also recommended dismissal of these Defendants because Walsh failed to state claims upon which relief may be granted. Walsh made no objection to this alternate recommendation and having conducted a careful review, the Court finds it is legally and factually correct and will adopt it.

The gist of Plaintiff's claims against the 24th Judicial Defendants is that they participated in a legal proceeding, the result of which the Plaintiff did not like. If that gave rise to a cause of action, all courts in this country would grind to a complete halt. Every legal proceeding would be followed by another brought by the dissatisfied participants. Litigation would never end. Therefore, no such claim can be cognizable.

**The Magistrate Judge erred in recommending the dismissal of the Madison County Defendants.**

The allegations of the Amended Complaint concerning these Defendants are that Dewain Mackey is a bus driver for Madison County Schools and in that capacity "harassed" R.M. and almost ran the Walsh car

12

off the road while driving a school bus. [Doc. 7 at 13].  This is the same incident which the District Attorney declined to prosecute and which was dismissed by Lyerly.

Kathy Mackey is alleged to be a teacher at Madison County High School and in that capacity made a comment to another teacher that she would have trouble with R.M.  [Id.].

Wilcox is alleged to be the Superintendent of Madison County Schools and in that capacity, he purportedly failed to stop the harassing conduct of the Mackeys.  [Id.].  By so doing, Wilcox and the Madison County Board of Education have failed to take corrective action against either of the Mackeys. [Id.].  Wilcox is also faulted for not taking seriously the allegation that Dewain Mackey tried to run the Walsh car off the road.  [Id.].  He instead conducted a mediation of the dispute during which he concluded that incident was accidental.  [Id.].  Wilcox is also alleged to have failed to order a lock down of the school due to conduct by Dewain Mackey which is not described in any detail except a conclusory allegation that it was criminal.  [Id.].

Walsh apparently concedes that state law claims against the Madison County School Defendants are barred by governmental immunity.  [Doc. 52 at 21].  She claims, however, that the federal claims action should remain.

[Id.].  In order to state a federal claim, however, Walsh must allege a violation of a cognizable constitutional right.  Hood v. Suffolk City School Board, __ F. App'x. ___, 2012 WL 812369 (4th Cir. 2012).  Section 1983 "is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred."  Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (internal quotation and citation omitted).

Walsh claims that she has been denied her right to due process because the school failed to conduct a hearing about the bus driving incident.[3] [Doc. 52 at 22].  However, the allegations of the Amended Complaint as well as the contents of the Objections disclose that Wilcox conducted a meeting at the school concerning the incident during which a mediation occurred. [Doc. 7-1; Doc. 52 at 20].  Moreover, to the extent that the District Attorney declined to prosecute and Lyerly dismissed the charge, Wilcox was uninvolved.  Thus, Plaintiff has alleged no constitutional injury.  City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) ("[N]either Monell ... nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact [it has

---

[3]Walsh also makes a vague and confusing claim that the Mackeys sell commercially grown food products and thus, in some undisclosed manner have a "special relationship" with the school.  [Doc. 52 at 22].  This allegation is so indefinite and speculative as to be unable to survive the motion to dismiss.

been] concluded that the officer inflicted no constitutional harm.").

Even assuming that Walsh has standing, which is dubious, she has no due process rights in this situation. "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dept. Soc. Servs., 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). One exception to this rule occurs where there is a special relationship with an individual which gives rise to a duty to protect that individual from harm inflicted by third parties. Id. at 200.

> Several circuits have been faced with the issue of whether a school-student relationship is a special relationship triggering the protections of the Due Process Clause. They have held uniformly that no special relationship exists because the student is not in physical custody and, along with parental help, is able to care for his basic human needs. ... [The United States Court of Appeals for the Fourth Circuit] hold[s] that [the school] officials did not have a "special relationship" with [the student] that triggered the protections of the Due Process Clause[.]

Stevenson ex rel. Steveson v. Martin County Bd. of Educ., 3 F. App'x 25 **5 (4th Cir.), cert. denied 534 U.S. 821, 122 S.Ct. 54, 151 L.Ed.2d 23 (2001). The Madison County School Defendants therefore did not have a special relationship with R.M. that triggered the protections of the due process clause. Id.

A second exception to the general rule that a state is not liable for the acts of third parties arises when the state creates the danger. <u>DeShaney</u>, 489 U.S. at 201. Creating danger, however, requires an affirmative act or acting with deliberate indifference. <u>Id</u>. at 201-203; <u>Stevenson</u>, 3 F. App'x. at **6. An incident occurring off the school premises during which a school bus accidentally crossed the center line of the road does not rise to the level of creating danger. <u>Id</u>.; <u>Doe v. Claiborne County, Tenn.</u>, 103 F.3d 495, 500-01 (6th Cir. 1996) (minor student sexually assaulted by athletic coach off school ground had no due process right). The allegations raised concerning this incident do not amount to a violation of a constitutional right.

Concerning the alleged comment made by Kathy Mackey about R.M.'s behavior, Walsh has not identified a cognizable constitutional right which has been injured. Teachers and administrators have a "substantial interest ... in maintaining discipline" in schools. <u>Wofford v. Evans</u>, 390 F.3d 318, 323 (4thCir. 2004) (internal quotation and citation omitted). Making a comment about the behavior of a student does not rise to the level of creating a danger for R.M. <u>Stevenson</u>, 3 F. App'x. At **6-7.

In order to avoid the legal requirements of stating a claim, Walsh has devised a conspiracy theory pursuant to which Wilcox and the Madison

County School Defendants determined to "protect" the Mackeys. This theory, which is based on pure speculation, nonetheless fails to identify a constitutional right of which Walsh has been deprived, as stated above. "There is a reason why [courts] do not allow this level of conjecture to determine lawsuits: such adventures of the mind tend to be unreliable." Hinkle v.City of Clarksburg, W.Va., 81 F.3d 416, 423 (4th Cir. 1996). Walsh's conspiracy theory is "based upon a theory without proof ... probative of a conspiracy only through speculation and the piling of inferences[.][4]" Id.

Having failed to state a constitutional right which has been injured, all of Walsh's claims pursuant to 42 U.S.C. §§1981, 1983, 1985 & 1986 must fail.

**Reconsideration of the Motion to Amend**.

Walsh argues that the Magistrate Judge should not have ruled on the pending motions to dismiss prior to acting on her motion to amend the complaint a second time. [Doc. 52 at 4]. Thus, she claims, the 24th Judicial District and Madison County School Defendants have been dismissed before she could amend the complaint to properly state claims against them.

---

[4]At one point in the Objections, Walsh appears to argue that a state law claim for negligence against the Madison County School Defendants in their individual capacities remains viable. [Doc. 52 at 23]. Walsh describes this claim, however, as based on a conspiracy among the defendants. For the same reasons as state above, this conspiracy theory, based solely on speculation, is rejected.

Likewise, she argues that her children should not be dismissed before she has an opportunity to retain counsel for them or the Court determines whether to appoint counsel for them.[5] These dismissals, she argues, were recommended without consideration of the fifty-five pages of exhibits attached to her motion. [Doc. 19].

The Magistrate Judge has allowed Walsh to amend her Complaint a second time based on certain statements in the motion. Walsh stated that she intends to remove the Madison County Sheriff's Department, Madison County Animal Control and Madison County Planning/Zoning Board as Defendants. [Doc. 19 at 1, 5]. The Magistrate Judge thus removed those Defendants from the action.

Walsh also stated that she intends to supplement the Complaint "to add the dates, and/or approximate dates on which each Defendant entered into the described class-based conspiracy[.]" [Doc. 19 at 1]. Included in the motion are the allegations that she intends to add. Walsh's allegations of conspiracy continue to be based entirely on rampant speculation. The Court has reviewed the proposed amendment and finds nothing contained therein warrants a delay in the dismissal of the 24th Judicial District and Madison

---

[5]No motion for appointment of counsel has been filed.

County School Defendants.  Likewise, nothing in the proposed amendment establishes a cause of action against these Defendants on behalf of Walsh's children.

The Court finds the Magistrate Judge's treatment of Walsh's motion for leave to amend the Complaint a second time is legally and factually correct.

**Rule 11 warning to Walsh.**

The Court, having reviewed Walsh's prolific and voluminous filings, finds there is a high probability that this lawsuit and the manner in which Walsh has litigated it are frivolous and abusive.  Walsh has previously been warned both by this Court and the Magistrate Judge against making frivolous and abusive filings in this Court. [Doc. 4; Doc. 49].  The judicial resources expended in this litigation have already surpassed the effort required of many legitimate cases in this Court.  Walsh is hereby warned again to seriously consider the nature and contents of the filings she makes in this Court.

Federal Rule of Civil Procedure 11 provides in pertinent part:

By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b). A violation of this Rule may result in sanctions.

A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed.R.Civ.P. 11(c)(4).

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1.     The Motion to Dismiss of Defendants Alexander Lyerly, Samuel Parker, Gerald Wilson and Kathy Ray [Doc. 15] is hereby **GRANTED** and this action is hereby **DISMISSED** with prejudice as to these Defendants with

the caption of the action is hereby amended in accordance therewith;

2.  The Pre-Answer Motions to Dismiss of Defendants Madison County Board of Education, Dewain Mackey, in his official capacity for Madison County Schools, Kathy Mackey, in her official capacity for Madison County Schools, and Ronald Wilcox [Doc. 24] are hereby **GRANTED** and this action is hereby **DISMISSED** with prejudice as to these Defendants with the caption of the action is hereby amended in accordance therewith;[6]

3.  The Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of Defendants George Cole, Robert Davidson, James Harwood, John Ledford, Lamona Ledford, Sam Lunsford, Dewain Mackey (in his capacity as Vice-Chairman of the Madison County Planning/Zoning Board), Madison County Animal Control, Madison County Planning Board and Madison County Sheriff's Department [Doc. 46] are hereby **DENIED** without prejudice to renewal;

4.  On or before twenty (20) days from entry of this Order, the Plaintiff Delta Walsh may file a Second Amended Complaint or a Voluntary Dismissal of this action. The Plaintiff is cautioned to follow the instructions

---

[6]These dismissals are as to the claims brought both individually and in official capacities as to conduct involving the Madison County School Defendants.

provided by Magistrate Judge Keesler in his Memorandum and Recommendation [Doc. 49 at 21-23] and is further instructed that her failure to so abide may result in the imposition of sanctions, including dismissal of this action; and

5.    No extensions of time will be granted for the Plaintiff Delta Walsh to comply with this Order.  The failure of the Plaintiff to timely comply will result in the dismissal of this action without further notice.

Signed: August 3, 2012

Martin Reidinger
United States District Judge